IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD L. BENISH, | |
| Plaintiff, | 8:05cv332 |
| vs. | ORDER |
| | ON INITIAL REVIEW |
| OMAHA POLICE DEPARTMENT, et al., | |
| Defendants. | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Richard L. Benish, who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that an officer of the Omaha Police Department violated the plaintiff's rights under the Fifth and Sixth Amendments to the United States Constitution and the principles of Miranda v. Arizona, 384 U.S. 436 (1966).

### Police Department Means Claim Against the City

The plaintiff has named the Omaha Police Department as a defendant in this case. However, the Police Department is not an entity which can be liable in its own name to the plaintiff. Construing the complaint liberally, the intended defendant is the City of Omaha, Nebraska, which oversees the Police Department and is responsible for its operations. The Police Department itself and other departments or units within the City lack the capacity to sue or be sued in their own names.

### Municipal Liability

It is important that the plaintiff understand the basis of a claim against the City, as opposed to a claim against individual people. The basis of a claim against a city or county ("municipal liability") lies only in cases where a municipal "policy" or "custom" causes a constitutional violation. A city or county, or its department(s) must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a city or county may not be held liable merely because one of its employees violated the plaintiff's civil rights. The city or county, acting through one of its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

It is not clear whether the plaintiff claims that the City maintains an unconstitutional

policy or whether the policy is legal, but a police officer violated the policy. These are matters the plaintiff may inquire into during discovery.

### "Official Capacity"

The plaintiff has also named the police officer as a defendant, but he has not specified whether the officer is sued in his individual capacity, official capacity, or both capacities. In those circumstances, the law presumes that a defendant is sued *only* in his or her official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against an employee of the City of Omaha, in his or her official capacity, is in reality a claim against the City, the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Therefore, unless the plaintiff amends the complaint, as discussed below, the only defendant in this action is the City of Omaha.

### Amendment to the Complaint

If suing the police officer, in his official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the officer is sued in his individual capacity or in both his individual and official capacities. If the plaintiff does amend his complaint to sue the defendant in his individual capacity or in both capacities, the plaintiff must request additional summons and 285 forms. That is because government employees are served in different locations in their individual and official capacities.

### PLRA

The Prison Litigation Reform Act ("PLRA") applies to lawsuits brought by prisoners. However, in this case, the plaintiff does not complain of prison conditions. Instead, the substance of the plaintiff's complaint appears to relate to pre-incarceration events. Therefore, at least some parts of the PLRA may not apply to this litigation.

I find that the plaintiff's complaint need not be dismissed on initial review. Therefore, as initial review of the complaint is now concluded, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete

and return forms which the Clerk of Court will provide.  The Clerk of Court shall send ONE summons form and ONE Form 285 to the plaintiff together with a copy of this Order.

2.  The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court.  In the absence of the completed forms, service of process cannot occur.

3.  Because the defendants, the Omaha Police Department and the named police officer in his official capacity, are considered to be the City of Omaha for purposes of this civil rights litigation, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2) when completing the forms for service of process.  That statute states:  "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk."  The City of Omaha may be served at the office of the City Clerk, 1819 Farnam Street, Suite LC-1, Omaha, NE 68183.

4.  The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether the police officer named as a defendant in the complaint is sued in his individual capacity as well as official capacity.  If the plaintiff files such an Amendment, he shall request additional summons and 285 forms.

5.  Upon receipt of the completed summons and 285 forms, the Clerk of Court shall sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6.  Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  Failure to obtain service of process on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

7.  If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8.  After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9.  The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant.  To send

communications to the court without serving a copy on the other parties to the case violates the rules of court.

      10.   A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

      11.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      12.   The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      DATED this 24th day of October, 2005.

                              BY THE COURT:

                              s/ F. A. GOSSETT
                              United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process on your behalf and where to serve the defendant(s).  the U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Neb. Rev. Stat. § 25-510.02(2), regarding service of summons on political subdivisions of the State of Nebraska, states:

> Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

The City of Omaha may be served at the office of the City Clerk, 1819 Farnam Street, Suite LC-1, Omaha, NE 68183.

4. Do not copy your complaint to attach to the summons. the court will do that for you.

5. You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendants, you must amend your complaint to add the others to the case caption.

6. Be sure to print your case number on all forms.

7. You must give an address for the party to be served.  the U.S. Marshal will not know a defendant's address.

8. Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

9. Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

10. Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

11. Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.